**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-4055**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VANDER KEITH GORE, a/k/a Keith,

Defendant - Appellant.

_____

**No. 03-4102**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEFFREY LEE GORE, a/k/a Jeff,

Defendant - Appellant.

_____

On Remand from the Supreme Court of the United States.
(S. Ct. Nos. 04-5762; 04-5763)

_____

Submitted:  March 27, 2006          Decided:  May 31, 2006

_____

Before KING, SHEDD, and DUNCAN, Circuit Judges.

_____

No. 03-4055 affirmed; No. 03-4102 affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

---

Jerry L. Finney, FINNEY LAW FIRM, Columbia, South Carolina; Jack B. Swerling, SWERLING LAW FIRM, Columbia, South Carolina, for Appellants. Jonathan S. Gasser, United States Attorney, Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

These cases are before us on remand from the United States Supreme Court for further consideration in light of United States v. Booker, 543 U.S. 220 (2005). In June 2001, Jeffrey Lee Gore ("Jeffrey Gore") and his brother, Vander Keith Gore ("Keith Gore"), were indicted for multiple violations of 21 U.S.C. §§ 841(a)(1), 846 (2000). The Gore brothers entered into plea agreements and, consistent with these agreements, pled guilty to the first count of the superseding indictment. In January 2003, Jeffrey Gore was sentenced to 360 months' imprisonment, and Keith Gore was sentenced to 240 months' imprisonment.

In United States v. Gore, 93 Fed App'x 569 (4th Cir. Apr. 6, 2004) (unpublished), vacated, 125 S. Ct. 1035 (2005), we affirmed their sentences. After reviewing Jeffrey Gore's appeal in light of Booker, we vacate his sentence and remand for resentencing. After reviewing Keith Gore's appeal in light of Booker, we affirm his sentence. Their convictions are affirmed for the reasons stated in our 2004 opinion.

In Booker, the Supreme Court held that the mandatory manner in which the Sentencing Guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 543 U.S. at 244.

- 3 -

There are two types of error under Booker: a violation of the Sixth Amendment, by imposing a sentence greater than the maximum permitted based on facts found by a jury or admitted by the defendant, and a failure to treat the Sentencing Guidelines as advisory. United States v. Hughes, 401 F.3d 540, 552 (4th Cir. 2005).

Although we do not find that the district court committed the first type of error in Jeffrey Gore's case,[1] we conclude that the district court erred in applying the Sentencing Guidelines as mandatory.[2] Because Jeffrey Gore did not preserve this claim in the district court, we review for plain error. See Hughes, 401 F.3d at 547.

---

[1]Specifically, consideration of only the conduct to which Jeffrey Gore admitted in his plea agreement and at the sentencing hearing yielded a total offense level of forty-two; based on a criminal history category of I, Jeffrey Gore's range of imprisonment under the Sentencing Guidelines would have been 360 months to life imprisonment. This is precisely the range of imprisonment calculated by the district court. Although the court impermissibly enhanced Jeffrey Gore's offense level based on facts he did not admit, the court also reduced the offense level for acceptance of responsibility, and we do not consider that reduction on appeal. See United States v. Evans, 416 F.3d 298, 300 n.4 (4th Cir. 2005) (looking to the guideline range based on admitted conduct or facts found by a jury and disregarding any reduction for acceptance of responsibility). Therefore, Jeffrey Gore's 360-month sentence does not violate the Sixth Amendment. See id. at 300-01 (holding that if a sentence does not exceed the maximum authorized by facts admitted by defendant or found by jury, there is no Sixth Amendment violation).

[2]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of sentencing.

In <u>United States v. White</u>, 405 F.3d 208 (4th Cir.), <u>cert. denied</u>, 125 S. Ct. 668 (2005), we held that treating the guidelines as mandatory was error in light of <u>Booker</u>, and that the error was plain. <u>White</u>, 405 F.3d at 216-17. We declined to presume prejudice, <u>id.</u> at 217-22, holding that the "prejudice inquiry, therefore, is . . . whether after pondering all that happened without stripping the erroneous action from the whole, . . . the judgment was . . . substantially swayed by the error." <u>Id.</u> at 223 (internal quotation marks and citations omitted).

To make this showing, a defendant must "demonstrate, based on the record, that the treatment of the guidelines as mandatory caused the district court to impose a longer sentence than it otherwise would have imposed." <u>Id.</u> at 224. Because "the record as a whole provide[d] no nonspeculative basis for concluding that the treatment of the guidelines as mandatory 'affect[ed] the district court's selection of the sentence imposed,'" <u>id.</u> at 223 (quoting <u>Williams v. United States</u>, 503 U.S. 193, 203 (1992)), we concluded in <u>White</u> that the error did not affect the defendant's substantial rights, and thus, we affirmed the sentence. <u>Id.</u> at 225; <u>see also</u> <u>United States v. Collins</u>, 412 F.3d at 524-25 (finding that defendant failed to demonstrate prejudice from being sentenced under a mandatory application of the sentencing guidelines).

Here, there is a nonspeculative basis on which to conclude the district court's application of the Sentencing

- 5 -

Guidelines as mandatory affected its selection of the sentence imposed upon Jeffrey Gore. During the sentencing hearing, the district court noted that [its] "discretion by the sentencing guidelines is severely limited, and [it has] to live within the law." It sentenced Jeffrey Gore in accordance with the Sentencing Guidelines, remarking of the 360-month sentence, "[I]f you say it fast, it might not sound like much, but it is a lifetime. It is a lot of time. And I think that's more than enough in this particular case."

The 360-month sentence represented the bottom of the applicable Sentencing Guidelines range. Because the district court remarked that the sentence imposed was "more than enough" time in Jeffrey Gore's case, there exists a nonspeculative basis for concluding that the treatment of the guidelines as mandatory affected the district court's selection of the sentence imposed. White, 405 F.3d at 223; see also 18 U.S.C. § 3553(a) (2000) (providing that the court "shall impose a sentence sufficient, but not greater than necessary," to meet the statutory objectives of punishment, deterrence, avoidance of sentencing disparities, and the like). Accordingly, we vacate Jeffrey Gore's sentence and remand his case to the district court for resentencing in light of Booker.[3]

---

[3]Although the Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 543 U.S. at 264. On

Keith Gore was sentenced to 240 months' imprisonment for his offense. See 21 U.S.C. § 841(b)(1)(A) (2000). This term was the statutory mandatory minimum sentence, as the Government had alleged in the superseding indictment and provided notice in a 21 U.S.C. § 851 (2000) information that he had one prior conviction for a felony drug offense. This enhanced penalty was permissible. See Almendarez-Torres v. United States, 523 U.S. 224, 233-36, 243-44 (1998) (marking an exception, in the case of a fact of a prior conviction, to the general rule that a district court may not impose a sentence greater than the maximum authorized by the facts found by the jury or admitted by the defendant in a guilty plea); Harris v. United States, 536 U.S. 545, 567-68 (2002) (holding that Apprendi v. New Jersey, 530 U.S. 466 (2000), applies to facts that increase the sentence beyond the statutory maximum, but not to facts that merely increase the mandatory minimum sentence); United

---

remand, the sentence must be "within the statutorily prescribed range and . . . reasonable." Hughes, 401 F.3d at 547. Specifically, district courts must (1) properly calculate the sentence range recommended by the Sentencing Guidelines; (2) determine whether a sentence within that range and within statutory limits serves the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005) and, if not, select a sentence that does serve those factors; (3) implement mandatory statutory limitations; and (4) articulate the reasons for selecting the particular sentence, especially explaining why a sentence outside of the Sentencing Guideline range better serves the relevant sentencing purposes set forth in § 3553(a). United States v. Green, 436 F.3d 449, 455-56 (4th Cir. 2006). A sentence not imposed within the properly calculated range must be based on the factors listed under § 3553(a). Id. at 456.

States v. Cheek, 415 F.3d 349, 351-54 (4th Cir. 2005) (reaffirming validity of Almendarez-Torres after Booker).

The district court correctly set the bottom of the Sentencing Guidelines range at 240 months' imprisonment. Although Keith Gore correctly notes that the district court erred in sentencing him under the then-mandatory Sentencing Guidelines, Booker is of no assistance to him. As we held in United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005), "Booker did nothing to alter the rule that judges cannot depart below a statutorily provided minimum sentence." Accordingly, we affirm Keith Gore's sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 03-4055 AFFIRMED
No. 03-4102 AFFIRMED IN PART;
VACATED AND REMANDED IN PART